IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KIM BENSON                                                                                                  PLAINTIFF

vs.                                        Civil No. 1:13-cv-01064

CAROLYN W. COLVIN                                                                                  DEFENDANT
Commissioner, Social Security Administration

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is Defendant's Motion to Remand.  ECF No. 11.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation.  In accordance with that referral, this Court enters the following report and recommendation.

Defendant requests that Plaintiff's case be remanded so that the ALJ may further review her case.  ECF No. 11.  The Court has contacted Plaintiff's counsel, and Plaintiff does not oppose Defendant's requested remand.[1]  Based upon the foregoing, this Court recommends Defendant's Motion to Remand (ECF No. 11) be **GRANTED,** and Plaintiff's case be remanded to the Social Security Administration for further administrative review pursuant to Sentence Four of 42 U.S.C. § 405(g).

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are**

---

[1] Plaintiff only requests that she be allowed to seek attorney's fees under EAJA for preparing the appeal in this matter.  Based upon her briefing, the Government does not object to such a request.  ECF No. 12 (noting the dismissal should be "without prejudice to the subsequent filing of attorney fees under the EAJA").  Thus, upon remand, Plaintiff will be permitted to request attorney's fees under EAJA.

1

2

**reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 12th day of February 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE